453 P.2d 227

**Richard SEITZ, dba Seitz Construction Company, Petitioner,**

v.

**The SUPERIOR COURT OF MARICOPA COUNTY, State of Arizona; and the Honorable Jerry H. Glenn, one of the Judges thereof, Respondents.**

No. 9360.

Supreme Court of Arizona.

In Banc.

April 2, 1969.

Scoville & Green, by Robert J. Cruse, Phoenix, for respondents.

Hill & Savoy, by John E. Savoy, Phoenix, for petitioner.

McFARLAND, Justice:

This Court ordered a Writ of Certiorari to issue in this case on October 8, 1968. The real parties in interest are Richard Seitz, hereinafter referred to as petitioner; and Walker McCune and Carol McCune, his wife, hereinafter referred to as respondents.

Petitioner and others filed a complaint against respondents on November 23, 1965. After various discovery proceedings, and almost a year after the commencement of the action, on November 15, 1966, the Superior Court ordered that respondents be authorized, under certain conditions, to file counterclaims and cross-claims against petitioner and others. A motion to strike the counterclaims and cross-claims was granted on January 25, 1967, for failure of respondents to comply with the conditions of the November 15 order.

On February 23, 1967, respondents filed their notice of appeal from the January 25 order striking the counterclaims and cross-claims. On December 1, 1967, while the matter was on appeal in the Arizona Court of Appeals, the respondents filed a second motion for leave to file counterclaims against petitioner. On January 31, 1968, Judge Glenn of the Superior Court, Maricopa County, Arizona, issued an order authorizing the respondents to file counterclaims against petitioner, CONDITIONED UPON respondents dismissing, within ten (10) days, their appeal to the Arizona Court of Appeals from the January 25, 1967, order striking the counterclaims and cross-claims.

Respondents did not dismiss their appeal within ten days. Rather, the Court of Appeals, after the ten days had passed, dismissed for failure to prosecute. Sweeney v. Winslow Gas Co., 64 Ariz. 51, 165 P.2d 316.

A rehearing on respondent's motion to file a counterclaim was held on May 1, 1968, and a motion by petitioner to vacate the order of January 31, 1968, was denied on June 27, 1968.

Petitioner thereafter applied to this Court for a Writ of Certiorari on July 8, 1968, alleging that the Superior Court was without jurisdiction to enter the order of January 31, 1968, for the reason that an appeal to the Arizona Court of Appeals had been perfected. Petitioner cites State v. Superior Court In and For Pima County, 86 Ariz. 231, 344 P.2d 736, in support of his argument. Respondents contend that the trial court never lost jurisdiction because at the time the notice of appeal was filed the written order had not yet been filed with the Clerk of the Superior Court, and the appeal therefor was premature. Consolidated Stage Co. v. Corporation Commission, 66 Ariz. 75, 182 P.2d 937.

It is not necessary for us to determine whether the Superior Court had jurisdiction at the time of the January 31, 1968, order, for the order was never complied with. The conditions not having been complied with, the order has the same effect as though it had never been made. Once the ten days passed, the order became ineffective.

We recognize the discretion with which the trial court may allow amendments to the pleadings. Rule 13(f), Rules of Civ. Proc., 16 A.R.S. But nowhere in the record is there an order now in effect which authorizes the filing of a counterclaim by respondents against petitioner.

■ The January 31, 1968, order permitting the filing of a counterclaim not having been complied with is not effective. The appeal from the order of January 25, 1967, striking the counterclaims and cross-claims having been dismissed for failure to prosecute, did not alter the effectiveness of the January 25 order, and it is still valid.

Evidently either the respondents themselves did not think the trial court had jurisdiction to make the January 31, 1968, order—since they failed to comply with the requirement of the trial court that they dismiss the appeal—or they did not like the order that was made, and hoped even at that time to perfect the appeal by having the written order of the trial court transmitted to the Court in accordance with the procedure for correction of the record as set forth in Eaton Fruit Company v. California Spray-Chemical Corporation, 102 Ariz. 129, 426 P.2d 397. We do not pass upon the question of whether respondents could have at that stage perfected an appeal.

■ The trial court has already given respondents substantial opportunity to assert their claim. Respondents failed to comply with the first order granting leave to file counterclaims and cross-claims; they failed to comply with the second order authorizing the filing of a counterclaim; and they failed to prosecute the appeal, which appeal remained in the Court of Appeals for almost a year. The last of the two orders authorizing the filing of a counterclaim was made over two years after the commencement of the action. These are factors, together with the delays caused thereby, to be considered by the trial court in determining the question of whether justice requires that respondents now be permitted to file a counterclaim, under Rule 13(f), Rules of Civ.Proc., 16 A.R.S., under the facts of the case as they presently exist. Smith Contracting Corp. v. Trojan Const. Co., Inc., 192 F.2d 234.

We therefore hold that all previous orders permitting the filing of counterclaims are invalid, and that any counterclaims filed thereunder be stricken.

The case is remanded for further proceedings consistent with this decision.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.