581 P.2d 1158

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 640, an unincorporated labor organization, Appellant,**

**v.**

**John J. KAYETAN, Registrar of Contractors of the State of Arizona, Elwood S. JONES, d/b/a Jones Electric Company, Real Party in Interest, Appellees.**

**Nos. 1 CA–CIV 3726, 1 CA–CIV 3781.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 20, 1978.

R. Kelly Hocker, Ltd. by R. Kelly Hocker, Tempe, for appellant.

John A. LaSota, Jr., Atty. Gen. by Aaron Kizer, Asst. Atty. Gen., Phoenix, for appellee Kayetan.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Donald E. Dyekman, P. Michael Whipple, Phoenix, for appellee Jones Electric Co.

## OPINION

JACOBSON, Judge.

The sole issue before this court is whether the failure to perfect an appeal from a superior court order dismissing the contractor from its review of a decision of the registrar of contractors, renders an appeal moot as to the registrar.

This action arose out of a complaint filed by Glynn Ross, business manager of the International Brotherhood of Electrical Workers, Local 640 (IBEW), with the registrar of contractors seeking to have the contractor's license of Elwood S. Jones dba Jones Electric Company (Jones) either revoked or suspended.

Following a hearing before the registrar, IBEW's complaint was dismissed and on July 8, 1976, its petition for rehearing was denied.

On August 5, 1976, IBEW timely filed a complaint pursuant to the Administrative Review Act (A.R.S. § 12–901 et seq.) with the Superior Court of Maricopa County seeking a review of the registrar's decision dismissing its complaint.

On September 22, 1976, the trial court entered its order dismissing the registrar of contractors from the action on the ground that IBEW was not an aggrieved party entitled to appeal the registrar's decision. A timely appeal was perfected to this court from that order of dismissal.

On September 22, 1976, Jones also filed a Motion to Dismiss on the same grounds, the motion being granted by a formal order filed December 22, 1976. A notice of appeal was also filed by IBEW as to this order, but IBEW did not file a cost bond on appeal until February 22, 1977, 62 days following the order sought to be appealed. The two appeals were consolidated in this court.

■ Although IBEW argues otherwise, it is clear that the failure to timely file a cost bond on appeal, deprives this court of jurisdiction to entertain the appeal as to Jones. *Newland v. Fossey,* 2 Ariz.App. 394, 409 P.2d 314 (1965).

Under the then applicable rule, Rule 73(b), Rules of Civil Procedure, IBEW had 60 days following the filing of the order within which to perfect its appeal, including filing a proper cost bond on appeal. The bond not having been filed within the designated period, the appeal as to Jones must be dismissed. *In Re Estate of Appleton,* 15 Ariz.App. 490, 489 P.2d 864 (1971).

The effect of this failure to timely perfect an appeal is to make the superior court order of dismissal final as to Jones. *See Seitz v. Superior Court,* 104 Ariz. 352, 453 P.2d 227 (1969).

Does then a final order dismissing a contractor from the superior court proceedings seeking a review of the decision of the registrar of contractors, render the proceedings on appeal moot?

In reviewing the nature of the proceedings, the relief sought before the registrar of contractors and the nature of the judicial review of the registrar's decision, we are of the opinion that the absence of the contractor in any future proceedings this court may order renders this appeal moot.

This matter was instituted before the registrar pursuant to to A.R.S. § 32–1155, by a complaint filed by IBEW seeking to suspend or revoke Jones' contractor's license. It is clear that under an A.R.S. § 32–1155 proceeding, an adversary proceeding is contemplated between the complainant and the licensee. Service of the complaint is required upon the licensee (A.R.S. § 32–1155); an answer is required to be filed by the licensee or his license will be suspended or revoked (A.R.S. § 32–1155(B)); notice of the hearing is required (A.R.S. § 32–1156); a hearing must be held at which "the registrar shall hear all relevant and competent evidence offered by the

complainant and the licensee . . . ." (A.R.S. § 32–1157(A)); and a written decision by the registrar must be rendered. A.R.S. § 32–1157(B). In essence, this is the classical situation of parties litigant submitting the issue in litigation to a decisional body.

At this point, it is clear that the real parties in interest to the controversy before the registrar are the complainant (IBEW) and the licensee (Jones) with the registrar in the position of decision maker.

While this basic posture of the parties, in our opinion, does not change on a review of the registrar's decision, the Administrative Review Act recasts the registrar and the litigants into plaintiff/defendant roles.

The party seeking review in the superior court assumes the role of a plaintiff who files a complaint. A.R.S. § 12–904. After the filing of the complaint, the review is handled like any other civil proceedings with summons being issued, service of the summons and complaint being required (A.R.S. § 12–906), and an answer being filed by the defendants. A.R.S. § 12–907.

The act requires service upon the agency (A.R.S. § 12–906) and makes the agency a party defendant. A.R.S. § 12–908.

However, the role of the agency-defendant in the superior court proceedings may be a passive one. A.R.S. § 12–909(B) provides in part:

". . . the administrative agency shall file an answer which shall contain the original or a certified copy of the portion of the record designated in the complaint. The answer may also contain other portions of the record as the agency deems material. . . ."

Thus, the Administrative Review Act contemplates that the role of the administrative agency as a party defendant in the superior court proceedings may be simply that of certifying its record to the superior court in order for the court to conduct the review contemplated by A.R.S. § 12–910. This, in essence, leaves the parties in the superior court in the same posture they were before the administrative agency—the complainant and the licensee are the "real parties in interest" and the registrar is simply the determining/certifying party.[1]

Given this posture of the review litigation to be conducted in the superior court, it is our opinion that the contractor/licensee falls within the definition of an "indispensable party" to that proceeding as set forth in *Town of Gila Bend v. Walled Lake Door Co.,* 107 Ariz. 545, 549, 490 P.2d 551, 555 (1971):

"An indispensable party . . . is one who has such an interest in the subject matter that a final decree cannot be made without either affecting his interest or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. The test of indispensability in Arizona is whether the absent person's interest in the controversy is such that no final judgment or decree could be entered, doing justice between the parties actually before the court and without injuriously affecting the rights of others not brought into the action."

In this appeal, assuming IBEW was to prevail, the only relief we could grant would be to remand this matter to the superior court for a review on the merits of the registrar's decision. In that remand proceedings, the matter would be subject to dismissal under Rule 12(b)(7), Rules of Civil Procedure, for failure to have the licensee/contractor Jones, an indispensable party, present—Jones having a final judgment dismissing him from that proceedings.

---

1. We do not mean to indicate that the administrative agency may not under certain circumstances, be an active real party in interest in the review process. See *Evertsen v. Industrial Commission,* 117 Ariz. 378, 573 P.2d 69 (App. 1977), opinion of the Court of Appeals approved and adopted as an opinion of the Arizona Supreme Court, 117 Ariz. 342, 572 P.2d 804 (1977). The circumstances noted in *Evertsen* are not present in this litigation.

Under this state of the record, since any relief we might grant would be for naught, this appeal is rendered moot. *See Lord v. City of Tucson,* 10 Ariz.App. 54, 455 P.2d 1004 (1969).

The appeal as to Jones is dismissed for lack of jurisdiction.

The appeal as to the registrar is dismissed as being moot.

EUBANK, P. J., and OGG, J., concur.