716 P.2d 73

**MISSION HARDWOOD COMPANY, INC., an Arizona corporation, Plaintiff-Appellee,**

**v.**

**The REGISTRAR OF CONTRACTORS OF the STATE OF ARIZONA, Defendant-Appellant.**

**No. 1 CA–CIV 7754.**

Court of Appeals of Arizona, Division 1, Department B.

March 4, 1986.

Norton, Burke, Berry & French, P.C. by Edward O. Burke, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Montgomery Lee, Asst. Atty. Gen., Phoenix, for defendant-appellant.

## AMENDED OPINION

FROEB, Chief Judge.

This is an appeal from a superior court order granting Mission Hardwood Company, Inc. (Mission) attorneys' fees against the Registrar of Contractors of the State of Arizona (the Registrar), pursuant to A.R.S. § 12–348(A)(3).[1]

The Registrar argues that the superior court erred because the Registrar's role in the administrative proceeding, from which the action in the superior court arose, was "to adjudicate a dispute ... between private parties," within the meaning of A.R.S. § 12–348(F)(1).

We reject the Registrar's arguments and affirm the superior court order granting attorneys' fees against the Registrar.

## BACKGROUND

J.S. Francis (Francis) filed a complaint with the Registrar against Goodpasture Construction (Goodpasture), the general contractor that built Francis' home, because the wood parquet floor in Francis' home was buckling. Goodpasture, in turn, filed a complaint with the Registrar against Mission, the subcontractor that installed the floor.

In the administrative proceeding regarding Goodpasture's complaint against Mission, the hearing officer concluded that Mission had installed the floor in an unworkmanlike manner and recommended that Mission's license be suspended until it repaired the floor. The Registrar adopted this recommendation.

Mission filed a complaint against the Registrar and Goodpasture with the superior court to review the Registrar's decision, pursuant to the Administrative Review Act,

---

1. A.R.S. § 12–348 was amended effective August 3, 1984. The trial court made its determination of the merits prior to that effective date.

A.R.S. §§ 12–901, *et seq.* The superior court found no evidence to justify the Registrar's decision and reversed it, awarding Mission attorneys' fees against the Registrar pursuant to A.R.S. § 12–348(A)(3).

## ATTORNEYS' FEES IN THE SUPERIOR COURT

At the time the trial court rendered its decision, A.R.S. § 12–348(A)(3) provided, in part, that in a court action to review an agency decision, the court shall award fees to the prevailing party other than the agency:

> [A] court shall award fees and other expenses to any party other than this state which prevails by an adjudication on the merits in ... [a] court proceeding to review an agency decision, pursuant to title 12, chapter 7, article 6....

However, A.R.S. § 12–348(F)(1) provided, in part, that the court shall not award fees in a court action arising from an agency proceeding in which the role of the agency was to adjudicate a dispute between private parties:

> This section does not ... [a]pply to an action arising from a proceeding before this state in which the role of this state was to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent, or to adjudicate a dispute or issue between private parties or to establish or fix a rate.[2]

2. We reach certain conclusions in interpreting A.R.S. § 12–348(F)(1), which may require clarification. "State" is defined in A.R.S. § 12–348(G)(3) to mean the state and any agency, officer, department, board, or commission of the state. We conclude in this case that "state" means the agency and does not mean the superior court. Therefore, "a proceeding before this state" in this case means the agency's administrative proceeding and "an action arising from a proceeding before this state" means the superior court action to review the agency's administrative proceeding.

3. 5 U.S.C. § 504(a)(1) provided, in part, that when an agency conducted an adversary adjudication, the agency shall award fees to the prevailing party other than the agency:

> An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other

We are unaware of any Arizona appellate court decisions concerning whether the Registrar's role in its administrative proceedings regarding suspension or revocation of licenses is "to adjudicate a dispute ... between private parties," within the meaning of A.R.S. § 12–348(F)(1).

A.R.S. § 12–348 is patterned upon the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 (1981). *See* Arizona Senate Comm. on Judiciary, Notes 4 (April 7, 1981). *See also New Pueblo Constructors, Inc. v. State,* 144 Ariz. 95, 696 P.2d 185 (1985).

Section 2412(d)(3) of the Equal Access to Justice Act provided, in part, that in a court action to review an adversary adjudication, the court shall award fees to the prevailing party other than the agency:

> In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, ... the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section,[3] unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.[4] (Footnotes added.)

expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust.

4. The Arizona Senate Committee on the Judiciary refused to amend A.R.S. § 12–348 to prevent an award of attorneys' fees if the state's position was substantially justified. Arizona Senate Comm. on Judiciary, Notes 4 (April 7, 1981). According to the United States House Committee on the Judiciary, the "substantially justified" provision "protects the government when its case, though not prevailing, has a reasonable basis in law and fact." H.Rep. No. 96–1418 96th Cong., 2d Sess. 14, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4992.

Section 504(b)(1)(C) of the Equal Access to Justice Act provided, in part, an "adversary adjudication" excluded agency adjudications for the purpose of granting or renewing licenses:

"Adversary adjudication" means an adjudication ... in which the position of the United States is represented by counsel or otherwise, but excludes an adjudication for the purpose of establishing or fixing a rate or for the purpose of granting or renewing a license....

However, the United States House of Representatives Committee on the Judiciary stated that an "adversary adjudication" included agency adjudications for the purpose of suspending or revoking licenses:

The definition of "[adversary] adjudication" for the purpose of this section excludes ratemaking and licensing application hearings. However, the exclusion does not extend to proceedings ... involving the suspension, annulment, withdrawal, limitation, amendment, modification or conditioning of license. A party who prevails in the latter circumstances is entitled to an award of attorney fees under the terms of this section.

H.Rep.No. 96–1418 96th Cong., 2d Sess. 15, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4994.

If the Registrar were a federal agency, its administrative proceeding would have been an "adversary adjudication" within the meaning of the Equal Access to Justice Act, because it was a proceeding involving the suspension of Mission's license.

■ We interpret A.R.S. § 12–348 in light of the Equal Access to Justice Act. Therefore, we conclude that the Registrar's role in the administrative proceeding was not "to adjudicate a dispute ... between private parties" within the meaning of A.R.S. § 12–348(F)(1), and we affirm the superior court award of attorneys' fees pursuant to A.R.S. § 12–348(A)(3).

The Registrar does not address the Equal Access to Justice Act in this appeal. Instead, it argues that it was not a party to the administrative proceeding and that it adjudicated the dispute between Goodpas-

ture and Mission within the meaning of A.R.S. § 12–348(F)(1).

We recognize that the Registrar may have adjudicated the dispute to the extent that its hearing officer heard the evidence, made the recommendations, and the Registrar adopted those recommendations. *Cf. Int'l. Bhd. of Elec. Workers, Local Union 640 v. Kayetan,* 119 Ariz. 508, 510, 581 P.2d 1158, 1160 (App.1978) (a proceeding before the Registrar "is the classical situation of [the complainant and the licensee] submitting the issue in litigation to a decisional body").

However, the Registrar was also a party to the administrative proceeding. *See* Arizona Senate Comm. on Judiciary, Notes 4 (April 7, 1981) (A.R.S. § 12–348 "provides that a court ... award attorney's fees ... in a ... regulatory proceeding in which the state is a party"). The Registrar's adjudicatory role was ancillary to its regulatory role. *Cf. J.W. Hancock Enterprises, Inc. v. Arizona State Registrar of Contractors,* 142 Ariz. 400, 406, 690 P.2d 119, 125 (App.1984) (in determining that the Registrar did not violate the separation of powers provision of the constitution, the court held that the Registrar's role in resolving a contract dispute was ancillary to its regulatory role).

The Registrar was, in fact, named as a complainant in the citation and the notice of hearing. Furthermore, the Registrar was, in substance, a party whose interest was to protect the public welfare and who chose to pursue the administrative proceeding. *Cf. Shropshire v. Peery,* 60 Ariz. 530, 536, 141 P.2d 852, 854 (1943) (in reviewing the Registrar's revocation of Charles Shropshire's contractor's license, the court noted: "that the case is not entitled according to law. F.C. Peery [the complainant] was only the complaining witness and not a party to the action. The proceeding should have been entitled The State of Arizona against Shropshire"); *Burrows v. Taylor,* 129 Ariz. 212, 214, 630 P.2d 35, 37 (App. 1981) (the court noted that its statement in *Kayetan,* that the role of the Registrar on

appeal may be passive, was an oversimplification: the Registrar is an indispensable party on appeal, pursuant to A.R.S. § 12–908, because it has the responsibility of protecting the public welfare).

■ The Registrar is a party to a license suspension or revocation proceeding because, although a private complainant may prompt the Registrar's initial investigation, the Registrar chooses whether and to what extent to pursue its administrative proceeding, pursuant to A.R.S. § 32–1155. In this case, the Registrar chose to take each of the following steps in pursuit of its administrative proceeding: one of the Registrar's investigators inspected Francis' floor; he issued an inspection report, in which he concluded that the "floor as installed in this residence is totally unsatisfactory"; he sent a letter to Goodpasture requesting proper floor installation and noting that failure to comply could result in suspension or revocation of its license (prompting Goodpasture, at that point, to file a complaint against Mission); the Registrar issued a citation directing Mission to file an answer; the Registrar issued a notice of hearing directing Mission to be present at the administrative hearing; and the Registrar's investigator testified about his inspection and his conclusions at the administrative hearing. The Registrar could have chosen at any of these steps not to pursue further the administrative proceeding.

The legislative intent of A.R.S. § 12–348 is explicit:

A. The legislature finds that certain individuals, partnerships, corporations and labor or other organizations may be deterred from seeking review of or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government.

B. The purpose of this section is to reduce the deterrents and the disparity by entitleing prevailing parties to recover an award of reasonable attorney fees, expert witness fees and other costs against the state.

Laws 1981, ch. 208, §§ 1, 3.

■ The Registrar argues that assessment of attorneys' fees, in this case, would not serve the legislative purpose of A.R.S. § 12–348, because the private complainant, Goodpasture, was Mission's sole adversary and there was presumably no disparity between the resources and expertise of Mission and Goodpasture.

We disagree. Both Goodpasture and the Registrar were Mission's adversaries. The Registrar's resources and expertise, in this case, were manifest in the Registrar's investigator's inspection, his report, his letter, and his testimony.

The Registrar notes that pursuant to A.R.S. § 12–905, it is an indispensable party in any appeal of its decisions. It appears the Registrar is arguing that it would be unfair on appeal to award attorneys' fees against the Registrar because it may be a "passive" party in that appeal. *Cf. Kayetan*, 119 Ariz. at 510, 581 P.2d at 1160 (the role of an agency on appeal may be passive if it merely files an answer containing the record, pursuant to A.R.S. § 12–909(B)).

In *Cortaro Water Users' Ass'n. v. Steiner*, 148 Ariz. 314, 714 P.2d 807 (1986), the Arizona Supreme Court noted that, pursuant to A.R.S. § 12–348, attorneys' fees should not be assessed against a state agency which adopts a nominal role in the appeal and review of its decision. However, the court held that if the agency adopts the role of an advocate, it ceases to be a nominal party and loses its statutory protection.

In the present case, the Registrar adopted the role of an advocate in the appeal to the superior court: the Registrar answered Mission's complaint not by merely filing the record, but by responding to each allegation in Mission's complaint and requesting, among other things, that the superior court deny Mission's request for a trial *de novo;* it filed a seven-page re-

sponse requesting denial of Mission's motion to supplement the record with additional evidence, and it appeared at the oral argument, concerning Mission's motion to supplement; it requested written memoranda and oral argument; it filed a twelve-page response defending its decision regarding the suspension of Mission's license, and it appeared at that oral argument; and it filed a five-page objection to the form of judgment and application for attorneys' fees. The sole document filed by Goodpasture with the superior court was a response defending the Registrar of Contractors' decision regarding the suspension of Mission's license. Goodpasture's sole appearance before the superior court was in connection with that response.

In view of the Registrar's active role in the proceeding, we hold that the superior court properly awarded attorneys' fees against the Registrar.

■ The Registrar argues, in the alternative, that its role on appeal is irrelevant to the application of A.R.S. § 12–348(F)(1).[5] We agree. A.R.S. § 12–348(F)(1) applies "to an action arising from a proceeding before this state in which the role of this state was ... to adjudicate a dispute...." From a grammatical point of view, the phrase "in which the role of this state was ... to adjudicate a dispute" modifies the Registrar's administrative "proceeding," not the superior court "action." In addition, it would be nonsensical to base the application of A.R.S. § 12–348(F)(1) on whether the Registrar's role was "to adjudicate" in the superior court. Finally, § 2412(d)(3) of the Equal Access to Justice Act did not apply to the judicial review of non-adversary adjudication. For example, a federal license application proceeding would not have constituted an "adversary adjudication," as defined in § 504(b)(1)(C) of the Equal Access to Justice Act; thus, attorneys' fees could not have been awarded against the licensing agency under

§ 2412(d)(3) of the Equal Access to Justice Act, regardless of whether the licensing agency assumed an adversarial role in an appeal of the agency's license application decision.

## ATTORNEYS' FEES IN THIS COURT

■ We grant Mission's request for attorneys' fees incurred in defending this appeal, pursuant to A.R.S. § 12–348(A)(3), in an amount to be determined following submission of a statement in compliance with rule 21, Arizona Rules of Civil Appellate Procedure. *Cortaro Water Users' Ass'n. v. Steiner.*

■ We deny the Registrar's request for attorneys' fees. The Registrar presents no evidence that Mission's defense in this appeal constitutes harassment, is groundless, or is not made in good faith, within the meaning of A.R.S. § 12–341.01(C).

Judgment affirmed.

CONTRERAS, P.J., concurs.

MEYERSON, Judge, specially concurring:

The majority opinion has correctly applied A.R.S. § 12–348 to the facts of this case. Its decision, however, exposes the breadth of the statute's applicability and demonstrates the sweeping results required by the statute—results certainly unintended by the legislature.

The majority decision correctly notes that what began in this case as a consumer dispute over workmanship ended up as a proceeding before the Registrar of Contractors in which the license of Mission Hardwood was suspended pending its repair of the floor which it installed. Indeed, the primary method which our agencies use to police misconduct by regulated industries and professions is through the license revocation and suspension process.

The most common administrative tools available to state agencies are the sus-

---

**5.** The superior court does not state whether it awarded attorneys' fees on the basis of the Registrar's role in the administrative proceeding or in the appeal to the superior court. However,

in determining that there was no evidence to justify the Registrar's decision, the superior court did note that the Registrar assumed an active role in the appeal to the superior court.

pension and revocation of licenses and permits issued by the agency to those persons it regulates. In the case of nearly every agency, a licensee who has violated the statute or rules applicable to that license is subject to proceedings by the agency to suspend or revoke its license.

R. Corbin, *Arizona Agency Handbook* § 12.4.2 (1982). The majority decision highlights the fact that in all cases where the agency takes an active role on appeal an award of attorney's fees will now be possible if the agency decision is not sustained in the superior court.

In my opinion, the effect of the majority's holding will be to chill the vitality of state regulation and enforcement. Admittedly, overreaching or oppressive conduct on the part of state agencies should be discouraged and undoubtedly A.R.S. § 12–348 has this purpose. On the other hand, there are certainly many "close" cases in which the propriety of the state's enforcement action could not legitimately be disputed. But regardless of the reasonableness of the state's action, should it ultimately lose on appeal in the superior court, the state will become liable for an award of attorney's fees. Although the purpose of the statute was to assist those "defending against unreasonable governmental action," Laws 1981, ch. 208, § 1, the natural consequence of this court's holding will be to instill an attitude of paralysis in our state regulatory community. I do not believe that the legislature intended that reasonable enforcement actions could result in fee awards should the state fail to prevail on appeal.

The majority notes that our law has been taken from the federal Equal Access to Justice Act. Surprisingly, however, an important limiting feature of the federal act has not been included in the state law. Under the federal act, a court must award fees and other expenses to the prevailing party unless it finds that the position of the agency "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This provision gives important flexibility under the federal law which is not present under the Arizona statute. Thus, the federal law carefully focuses in on the select group of cases which warrant an award of attorney's fees against the government. These cases are those in which the government's position is not substantially justifiable. But where the government's position is responsible, little purpose is served in penalizing its enforcement action simply because it is ultimately proven to be wrong.

In *Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 319, 714 P.2d 807, 812, the supreme court recognized that if the features of the federal law are to be followed in Arizona then legislative action is required. For the above reasons, the Arizona Legislature should take the earliest opportunity to revisit A.R.S. § 12–348 and modify it so as not to discourage the proper enforcement of Arizona's regulatory laws.