NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

UNIVERSAL HOMES CONSTRUCTION LLC, *Petitioner/Appellant*,

*v.*

IVY LYNN MITCHELL, et al., *Respondents/Appellees*.

No. 1 CA-CV 18-0501
FILED 5-21-2019

Appeal from the Superior Court in Maricopa County
No. LC2017-000445-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Righi Fitch Law Group, PLLC, Phoenix
By Richard L. Righi, Marcus D. Tappe
*Counsel for Petitioner/Appellant*

Robert C. Kozak, PLLC, Prescott
By Robert C. Kozak
*Co-Counsel for Respondent/Appellee Ivy Lynn Mitchell*

Suits Law Firm, PLC, Prescott
By Douglas J. Suits
*Co-Counsel for Respondent/Appellee Ivy Lynn Mitchell*

Arizona Attorney General's Office, Phoenix
By John R. Tellier
*Counsel for Respondent/Appellee Arizona Registrar of Contractors*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

---

**W I N T H R O P**, Judge:

**¶1**          Universal Homes Construction, LLC ("Universal") appeals the superior court's decision affirming the order of the Arizona Registrar of Contractors (the "ROC") finding that Universal violated statutory obligations when performing work for homeowner Ivy Lynn Mitchell and suspending Universal's contractor's license.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**          In 2016, Mitchell moved from Alabama to Prescott Valley, Arizona.  She contracted with Universal to build a home with ceramic tile floors.

**¶3**          In December 2016, Mitchell informed Universal of what she believed to be several issues with the tile installation.  According to the Workmanship Standards for Licensed Contractors published by the ROC, the vertical displacement, or "lippage," for ceramic tile must be 1/32 of an inch or less.  Mitchell stated that more than twelve tiles contained lippage ranging from 1/8, 3/16, and 1/16 of an inch.  She indicated that the uneven height of the tile created a serious hazard for her to trip and fall due to her ALS, or amyotrophic lateral sclerosis, and she asserted the only way to

repair the flooring was to re-tile the entire home. In February 2017, Universal responded and agreed to replace the non-conforming tiles but refused to re-tile the entire home. Mitchell then filed a complaint with the ROC. In addition to the lippage, she identified several hollow and cracked tiles. Universal timely responded to the complaint and contested the allegations.

¶4 An inspection of the home occurred on March 28, 2017. The ROC inspector determined Universal failed to meet minimum workmanship standards in violation of Arizona Administrative Code ("A.A.C.") R4-9-108 and Arizona Revised Statutes ("A.R.S.") § 32-1154(A)(22) (2019).[1] The ROC issued a directive (the "Directive") mandating that Universal fix approximately thirty-five tiles with non-compliant lippage and replace several hollow or cracked tiles. The repairs had to be made on or before April 15, 2017. Because Mitchell was in the process of moving, she requested a ten-day extension on the repair deadline, and the ROC granted her request. Universal attempted to conduct repairs on April 12 and April 20, 2017, but Mitchell denied the workers access to the home because her furniture would need to be moved. The ROC agreed the repairs could be completed in May 2017. Universal thereafter provided written notice to the ROC that it had completed those repairs over a three-day period in May.

¶5 The ROC then sent notice to both Universal and Mitchell that a follow-up inspection to review the repairs would be conducted on June 2, 2017. That inspection indicated that four tiles still failed to meet the lippage standard. The ROC issued a citation to Universal stating that it had violated the workmanship standard under A.A.C. R4-9-108—thereby violating A.R.S. § 32-1154(A)(3)—and the timeliness requirement for repairs under A.R.S. § 32-1154(A)(22). Universal requested Mitchell allow access to attempt further repairs, but Mitchell refused.

¶6 Universal contested the citation, and an administrative hearing was held in August 2017. The ALJ determined Universal violated A.A.C. R4-9-108 and § 32-1154(A)(3) but not § 32-1154(A)(22). The ALJ reasoned that because Mitchell repeatedly refused Universal access to her home, valid justification existed for Universal not completing the repairs. The ALJ also determined disciplinary action should not be taken against Universal and Mitchell's complaint should be dismissed. Mitchell

---

[1] Absent material revision after the relevant dates, we cite the current version of the statutes and rules.

requested review of the decision, and the ROC issued a final administrative decision (the "ROC Decision") in September 2017. The ROC modified the ALJ's decision by removing "conclusion of law #9" and substituting three new conclusions of law to reflect its decision that Universal violated A.R.S. § 32-1154(A)(22). The ROC also imposed a one-day suspension of Universal's contractor's license pursuant to A.R.S. § 32-1154(B).

**¶7** Universal appealed to the superior court, and the superior court affirmed the ROC Decision. Universal timely appealed to this court, and we have jurisdiction pursuant to A.R.S. § 12-2101(B).[2]

## ANALYSIS

### I. The ROC Decision is Supported by Substantial Evidence

**¶8** In administrative proceedings, the decision of the agency director, not the ALJ, is the final administrative decision. *J.L.F. v. Ariz. Health Care Cost Containment Sys.*, 208 Ariz. 159, 161, ¶ 12 (App. 2004). As the final decision maker in a contested agency proceeding, an agency, through its director, has the authority to make independent findings of fact and conclusions of law, and it is not bound by an ALJ's findings. *Id.* at 162, ¶ 12.

**¶9** In reviewing a superior court judgment affirming an administrative action, we determine whether the agency's decision is supported by substantial evidence, or whether it is instead arbitrary or capricious, or otherwise constitutes an abuse of the agency's discretion. *Sanderson Lincoln Mercury, Inc. v. Ford Motor Co.*, 205 Ariz. 202, 205, ¶ 8 (App. 2003) (citing A.R.S. § 12-910(E)). If the agency's decision is supported by substantial evidence, we will uphold the decision even if the record also supports a different conclusion. *DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 336 (App. 1984).

**¶10** An administrative agency's determination will be set aside as arbitrary and capricious only if an appellate court determines "there has been unreason[ed] action, without consideration and in disregard for facts and circumstances." *Petras v. Ariz. State Liquor Bd.*, 129 Ariz. 449, 452 (App. 1981). But "where there is room for two opinions, the action is not arbitrary

---

[2] Universal named the ROC as an appellee in this appeal as required by A.R.S. § 12-908. The ROC filed an answering brief identifying itself as only a nominal party for the appeal. *See Int'l Bhd. of Elec. Workers, Local Union 640 v. Kayetan*, 119 Ariz. 508, 510 (App. 1978) ("[T]he role of the agency-defendant in [appellate] court proceedings may be a passive one.").

or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached." *Id.*

¶11 Universal contends the ROC erred by modifying the ALJ's conclusions of law. Specifically, Universal asserts: (1) it met the exception under A.R.S. § 32-1154(A)(22), so the agency's determination of a violation was not supported by substantial evidence; (2) the modifications are arbitrary, capricious, and not supported by substantial evidence; and (3) the modifications are self-contradictory, making them unenforceable.

*A.    A.R.S. § 32-1154(A)(22) Violation*

¶12 Section 32-1154(A) enumerates various acts and omissions that could subject a licensee to disciplinary action. Section 32-1154(A)(22) prohibits ROC licensees from failing to take "appropriate corrective action . . . without valid justification" in response to a written directive by the ROC. Universal asserts that Mitchell repeatedly refused its workers access to her home, and therefore a "valid justification" existed for its failure to make all the necessary repairs in a timely manner. The ALJ agreed with this argument, but on review, the ROC found the argument unpersuasive.

¶13 The ROC Decision explained that because of the access issues, the inspector extended the deadline for Universal to comply with the Directive. Once allowed access, however, Universal still failed to satisfactorily complete the corrective action directed by the ROC. Thus, the ROC determined Universal violated A.R.S. § 32-1154(A)(22).

¶14 On appeal, Universal does not cite to any authority to support its argument that it should have been given additional time to comply with the Directive after the ROC issued the citation following the June inspection. The record shows that Universal was given an adequate opportunity to correct its workmanship, but it failed to do so. Although Mitchell initially made access to her home difficult for Universal, the access issues were resolved when the ROC extended the deadline for compliance. Universal gave notice that it had completed the subject repairs within the time allowed by the ROC, and Universal did not request any additional time or opportunity to do any further work until after the ROC had issued its notice of violation.

¶15 Mitchell was not required to allow Universal additional time beyond the extension granted by the ROC to comply with the Directive. Indeed, as the ROC Decision later noted, "while the Registrar encourages parties to continue efforts to resolve a complaint's underlying issues, there

is no ongoing duty to grant access to the jobsite after the written directive's deadline expires."

### B.   The ROC Decision Was Not Arbitrary or Capricious

**¶16**      Universal asserts the ROC Decision disregarded all the evidence presented at the administrative hearing and imposed an extreme penalty as a result.  However, Universal did not include a transcript of the hearing in the appeal record; accordingly, to the extent Universal's argument turns on what occurred at the hearing, the missing transcript is presumed to support the ROC's conclusion. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014).  Further, Universal acknowledges that it was given an initial opportunity to repair all the tiles, yet it failed to do so.  As such, we conclude the ROC Decision was not "without consideration and in disregard for facts and circumstances." *Petras*, 129 Ariz. at 452.

**¶17**      Universal also argues the ROC Decision was arbitrary and capricious because, during the pendency of these proceedings, Mitchell contacted the inspector's supervisor and Arizona State Senator Karen Fann to complain about the ROC inspector's handling of her claim.  Universal contends the ROC only reversed the ALJ's decision to "appease" Mitchell and to encourage her to abandon these additional complaints.  Beyond this bare assertion, however, Universal offers no evidence of any biased conduct by the ROC, and we will not reverse the decision based on an allegation alone. *See* ARCAP 13(a)(7).

### C.   The ROC Decision is Enforceable

**¶18**      Finally, Universal argues that the modifications made in the ROC Decision contradict the findings adopted by the ROC from the ALJ's decision.  Universal asserts the decision is unenforceable because it simultaneously stated that Universal did and did not violate § 32-1154(A)(22).

**¶19**      Under § 41-1092.08(B), an administrative agency may modify an ALJ's written decision.  In addition, § 32-1154(B) states the ROC may temporarily suspend a license if a licensee commits any of the prohibited acts identified in § 32-1154(A).  Here, the ROC suspended Universal's license for one day due to its failure to comply with not only § 32-1154(A)(22), but also A.A.C. R4-9-108 and § 32-1154(A)(3).  Assuming without deciding that some of the modifications made by the ROC contradicted other findings adopted from the ALJ's decision regarding § 32-1154(A)(22), the ROC nevertheless acted within its authority in suspending Universal's license pursuant to § 32-1154(A)(3).  Therefore, we conclude

that the administrative decision is enforceable—any error made by the director in issuing the administrative decision was harmless, and we will not disturb the ROC's ultimate determination. *Creach v. Angulo*, 186 Ariz. 548, 550 (App. 1996) (citation omitted) ("To justify the reversal of a case, there must not only be error, but the error must have been prejudicial to the substantial rights of the party. Furthermore, prejudice is not presumed but must appear from the record.").

## II. Costs on Appeal

**¶20** Mitchell requests her costs incurred in this appeal. As the successful party, we award her costs pursuant to A.R.S. § 12-341 contingent on her compliance with ARCAP 21.

## CONCLUSION

**¶21** For the foregoing reasons, we affirm the superior court's order affirming the ROC Decision. *Ritland v. Ariz. State Bd. of Med. Exam'rs*, 213 Ariz. 187, 192 (App. 2006) (explaining that if there is substantial evidence in the record to support both the ALJ's finding and the administrative agency's decision to overrule it, this court will uphold the decision of the agency).

