NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GOMEZ POOLS & SERVICE LLC,
*Plaintiff/Appellant*,

*v.*

ARIZONA REGISTRAR OF CONTRACTORS,
*Defendant/Appellee*.

No. 1 CA-CV 22-0241
FILED 12-15-2022

Appeal from the Superior Court in Maricopa County
No. LC2021-000195-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Wheeler Law Group, PLLC, Tempe
By Julianne C. Wheeler
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Justin Larson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1 Gomez Pools & Service, LLC (GPS) appeals from the superior court's ruling reversing, vacating and remanding for further proceedings an Arizona Registrar of Contractor's (ROC) decision revoking GPS' contractor's license. GPS also challenges the court's denial of its request for attorneys' fees. Because GPS has shown no error, the rulings are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 GPS is an ROC-licensed swimming pool contractor. In October 2019, GPS signed a contract to build a swimming pool at a recreational vehicle park in Tacna, Arizona, owned by Copper Mountain R.V. Park, LLC. The one-page form contract GPS supplied required Copper Mountain to make $73,000 in progress payments. In October 2020, the pool was not finished, and Copper Mountain filed a complaint with the ROC alleging GPS committed fraud and abandoned the project. The parties later reached an Interim Settlement Agreement with a December 2020 completion date, but the pool was still unfinished on that date.

¶3 After an inspection, the ROC issued a written directive requiring GPS to complete the project by early January 2021. When GPS failed to do so, the ROC issued a Citation against GPS' license. GPS requested a hearing, which was held by an Office of Administrative Hearings Administrative Law Judge (ALJ).

¶4 After receiving evidence and argument, the ALJ issued an eight-page decision, recommending that the ROC revoke GPS' license. The ALJ recommended revocation as "the appropriate sanction" based on four findings:

> [1 GPS'] failure to accept responsibility for its actions, [2] its failure to comply with the Interim Settlement Agreement, [3] that [GPS] made false statements to [Copper Mountain] during the time project was under way, and [4] that after

almost a year and a half, the project had not been completed.

The ROC accepted the recommended decision as written and denied GPS' motion for rehearing.

¶5        GPS appealed to the superior court, also seeking an award of attorneys' fees and costs under Arizona Revised Statutes (A.R.S.) sections 12-348 and 12-341.01. GPS and Copper Mountain then settled their dispute. GPS filed a stipulation and notice, alerting the court of the settlement and that Copper Mountain had withdrawn its complaint with the ROC. Stating Copper Mountain "has no objection" to the reversal of the ROC decision, the notice added GPS and Copper Mountain "recognize [] the ROC has standing to pursue defense of the appeal." GPS, however, did not seek dismissal of its appeal.

¶6        GPS' opening brief in the superior court, filed months later, acknowledged that the ROC had "active party status" and argued the merits of GPS' appeal. GPS' opening brief did not ask that its appeal be withdrawn or dismissed. Nor did it request an award of attorneys' fees. The ROC's response asked the court to uphold the ROC's decision.

¶7        After oral argument, the superior court reversed and vacated the ROC's decision and remanded to the ROC for further proceedings. In doing so, the court noted two issues. First, the court expressed concern that the ALJ may have required corroboration by a GPS witness, but not an ROC witness. Second, the court rejected the decision's reliance on GPS' "failure to comply with the Interim Settlement Agreement," stating that doing so was an "error of law" because deciding the consequences for a contract breach "is a judicial, not an administrative, function." Accordingly, the court found, a breach of the Interim Settlement Agreement was not a proper basis for revoking GPS' license.

¶8        Because the record was unclear as to whether the revocation decision would have been the same without relying on GPS' breach of the Interim Settlement Agreement, the court reversed and vacated the decision and remanded to the ROC for "further appropriate proceedings." The court also found GPS waived its request for attorneys' fees and costs by failing to request them in its opening brief. The court entered the ruling as a final judgment. *See* Ariz. R. Civ. P. 54(c).

¶9        GPS moved to reconsider, arguing for the first time that "no further proceedings [were] appropriate because" Copper Mountain "withdrew the Complaint," and challenging the waiver finding on fees. In

opposition, the ROC argued it had taken an active role in the litigation as authorized under A.R.S. § 32-1154(B)(1) and remand was appropriate. Before the superior court ruled on the motion to reconsider, GPS filed a timely notice of appeal. Because the notice of appeal divested the superior court of jurisdiction, it noted but did not rule on the motion to reconsider. *See Aqua Mgmt., Inc. v. Abdeen*, 224 Ariz. 91, 93 ¶ 7 n.3 (App. 2010). This court has jurisdiction over GPS' appeal under Article 6, Section 9, of the Arizona Constitution; A.R.S. §§ 12-913, -120.21(A)(1) and -2101(A)(1) and JRAD Rule 13.

## DISCUSSION

**¶10** GPS argues the superior court erred by (1) remanding the case because Copper Mountain withdrew its complaint and (2) finding that GPS waived its request for attorneys' fees and costs.

## I. The Superior Court Properly Remanded the Case to the ROC for Further Proceedings.

**¶11** Whether remand is appropriate is an issue of law this court reviews de novo. *Hafner v. Beck*, 185 Ariz. 389, 391 (App. 1995). The Legislature defines the scope of the ROC's authority. *See Roberts v. State*, 512 P.3d 1007, 1017 ¶ 36 (2022). Stated generally, the Legislature authorized the ROC to regulate and discipline contractor licenses. *See* A.R.S. § 32-1100 *et seq.* Among other things, the ROC can investigate a contractor's actions upon receiving a private complaint or on its own. *See* A.R.S. § 32-1154(B). "[A]lthough a private complainant may prompt the Registrar's initial investigation, the Registrar chooses whether and to what extent to pursue its administrative proceeding, pursuant to A.R.S. § 32–1155." *Mission Hardwood Co., Inc. v. Registrar of Contractors of State of Ariz.*, 149 Ariz. 12, 16 (App. 1986). The ROC's investigation of, and discipline against, a contractor's license is separate and independent of the complainant's rights to press court proceedings. *See Bentivegna v. Powers Steel & Wire Products, Inc.*, 206 Ariz. 581, 585 ¶14 (App. 2003).

**¶12** Both in the stipulation and notice filed in the superior court, and in its opening brief with that court, GPS recognized the ROC has standing to pursue the matter. That tracks *Mission Hardwood*, which recognized the ROC can "adopt[] the role of an advocate in the appeal to the superior court." 149 Ariz. at 16. GPS now argues *Mission Hardwood* does not apply because the complainant in that case had not withdrawn its complaint.

**¶13** As confirmed in *Bentivegna*, however, *Mission Hardwood* recognized the ROC "chooses whether and to what extent to pursue its administrative proceeding." 206 Ariz. at 585 ¶ 14. More specifically, *Mission Hardwood* recognized the ROC is a party to the action given its responsibility to protect the public, no matter if the complainant persists in, or withdraws, its allegations. *See id.* at 585–86 ¶¶ 15–16. The ROC's power and focus is directed at "'suspending or revoking a contractor's license, or attaching conditions to the license,'" not awarding money damages. *Id.* at 585 ¶ 15 (quoting *J.W. Hancock Enter's, Inc. v. Ariz. State Registrar of Contractors*, 142 Ariz. 400, 406 (App. 1984)). Thus, a contractor's resolution of a claim with a customer does not preclude the ROC's power to pursue discipline against the contractor's license.

**¶14** Nor is the ROC's authority and discretion to pursue discipline against a contractor's license limited to administrative proceedings, as GPS suggests. GPS argues that, by appealing the ROC decision to the superior court, the ROC is somehow divested of its authority to pursue discipline against GPS' license when the complainant (here, Copper Mountain) withdraws its complaint. GPS cites no authority supporting that position. GPS' approach would allow a contractor to evade ROC discipline against its license by appealing an ROC decision to a superior court and then settling with its customer. Such an approach would negate the Legislature's directive that the ROC "protect the public health, safety and welfare by licensing, bonding and regulating contractors engaged in residential construction." 1994 Ariz. Sess. Laws, ch. 7, § 3 (2d Reg. Sess.). Such an approach also would contradict longstanding directives on interpreting statutes. *Lake Havasu City v. Mohave Cnty.*, 138 Ariz. 552, 557 (App. 1983) ("Statutes must be given a sensible construction which will avoid absurd results.") (citing *School District No. 3 of Maricopa Cnty. v. Dailey*, 106 Ariz. 124 (1970)). Thus, this court rejects GPS' argument that the ROC lacks any authority to defend its disciplinary decisions in a superior court proceeding after the complainant resolves its dispute with a licensed contractor.

¶15 To the extent that GPS argues the superior court erred in remanding the case because there was no action remaining by the ROC, GPS misconstrues the superior court's ruling. Along with questioning whether corroboration properly was required, the superior court found that one of the four reasons cited for license revocation was improper. Nowhere did the court determine that no discipline was proper, or that revocation could not be imposed. Instead, after setting aside the ROC's decision given an error of law in considering the Interim Settlement Agreement, the court remanded for the ROC to determine the proper discipline absent that improper reason. *See City of Tucson v. Mills*, 114 Ariz. 107, 110 (App. 1976) ("Where the administrative body has made invalid or inadequate findings . . . , the court granting judicial review can and should remand the case to the administrative body 'for further proceedings to the end that valid and essential findings may be made.'") (citation omitted).

¶16 GPS argues, without supporting authority, that only the ROC can grant a rehearing and "[if it] is found to have acted arbitrarily and capriciously, its decision is reversed, and the matter concluded." This argument contradicts Arizona law. *See* A.R.S. § 12-910(F) ("After reviewing the administrative record . . . , *the court* may affirm, reverse, modify or vacate and remand the agency action.") (emphasis added); *Comm. for Justice & Fairness v. Ariz. Sec'y of State's Off.*, 235 Ariz. 347, 351 ¶ 15 (App. 2014) (quoting statutory predecessor). Nor do the cases GPS cites from other jurisdictions prove the contrary. GPS has not shown that the superior court erred by remanding the matter for the ROC to consider the appropriate discipline, without considering GPS' breach of the Interim Settlement Agreement, even though Copper Mountain had withdrawn its complaint.

## II. On This Record, GPS Is Not Eligible for an Award of Attorneys' Fees and Other Expenses Under A.R.S. § 12-348(A).

¶17 GPS argues the superior court erred by finding it had waived its request for attorneys' fees and costs. By statute, a party "that prevails by an adjudication on the merits" in "[a] court proceeding to review a state agency decision . . . is entitled to recover reasonable attorney fees and costs." A.R.S. § 12-348(A)(2). GPS has yet to prevail "by an adjudication on the merits." *Scottsdale Healthcare, Inc. v. Ariz. Health Care Cost Containment Sys. Admin.*, 206 Ariz. 1, 8–9 ¶ 29 (2003). Thus, notwithstanding any waiver, GPS is not eligible for an award of attorneys' fees and costs under A.R.S. § 12-348(A).

**CONCLUSION**

¶**18**        The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA