785 P.2d 1239

**In the Matter of the ESTATE OF Floyd WALTON, deceased.**

**Debbie HUDSON and Scott Jaeger, Petitioners/Appellees,**

v.

**STATE of Arizona, ex rel. ARIZONA DEPARTMENT OF REVENUE, Respondent/Appellant.**

**No. 2 CA–CV 89–0095.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 5, 1989.

Petition for Review Denied and Cross–Petition for Review Granted Feb. 6, 1990.*

nation of this matter.

Bernard Arkules, Paradise Valley, for petitioners/appellees.

Robert K. Corbin, Atty. Gen. by David J. Dir, Phoenix, for respondent/appellant.

## OPINION

LACAGNINA, Judge.

The Arizona Department of Revenue appeals from a judgment granted in favor of Debbie Hudson and Scott Jaeger on their petition for adjudication of heirship. The trial court found that the decedent, Floyd Walton, who died intestate, was preceded in death by his brother, Grover C. Walton, and that Grover Walton died without issue, leaving Hudson and Jaeger as sole heirs to the estate. The state argues that it has an interest in the estate because there are missing heirs and that Hudson and Jaeger have failed to prove that Grover Walton predeceased his brother. We affirm.

The only issue in this appeal is whether Hudson and Jaeger presented sufficient proof that Grover predeceased Floyd. The case was submitted solely on documentary evidence. The state agreed that the documentary evidence establishes the heirship of Hudson and Jaeger and further stipulated to their entitlement to one-half of Floyd's estate. Hudson and Jaeger are the great-grandchildren of Florence Walton, Floyd's sister. It is undisputed that all of Floyd's other relatives predeceased him.

The Ord, Nebraska census of 1900 shows that Grover was born in August 1883. Besides his brother Floyd, born in 1895, he

had two sisters, Edith, born in 1882, and Florence, born in 1888. The record contains death certificates for both Edith and Florence. Edith died in 1973. Her only son predeceased her in 1927 without issue. Florence died in 1908. All of her heirs, except Hudson and Jaeger, predeceased Floyd.

Hudson and Jaeger were unable to locate any death certificate for Grover. According to counsel's affidavit, a 1909 issue of the "Ord Quiz," the town newspaper, stated that Grover was employed in Loupe City, Nebraska. His name does not appear in the 1910 Ord census, nor was he located by examining probate records, real estate records and death records for Loupe City. In addition, counsel checked death records for Nebraska and cemeteries in Ord, North Platt and Plattsmouth, Nebraska. There is no evidence of Grover's existence after 1909.

The strongest evidence of Grover's death introduced by Hudson and Jaeger was the records kept on Grover's father, Chauncey Walton, while he was a resident of the Masonic Home in Plattsmouth, Nebraska. Those records state that Chauncey entered the home on February 14, 1918, and that he died there on January 15, 1934. Chauncey listed as next of kin his wife, Carrie, his daughter, Edith, and his son, Floyd. As noted above, Chauncey's daughter Florence died in 1908. Therefore, she was not listed as next of kin. Hudson and Jaeger argue that Grover's absence as next of kin is strong evidence that he also died prior to Chauncey's entering the home in 1918. The superintendent of the home indicated in writing that the regular practice at the home is to ask new residents for names and addresses of next of kin and that a document listing such information would have been completed based upon information supplied by Chauncey.

■ The question we must answer in this appeal is whether the trial court had sufficient evidence from which it could conclude that Grover Walton predeceased Floyd Walton. We find there was sufficient evidence. In doing so, we necessarily hold the trial court's admission of the Masonic Home records was proper as either a business record or an ancient document. The superintendent of the Masonic Home stated that it was their regular practice to record the next of kin in the patient's file as dictated by the patient. *See* Ariz.R. Evid. 803(6), 17A A.R.S. In addition, the records would be admissible as ancient documents, having been in existence more than 20 years, with their authenticity established. *See* Ariz.R.Evid. 803(16), 17A A.R.S. In this case, the records were found in Chauncey Walton's file at the Masonic Home. Under the circumstances, there is no reason to question the genuineness of any of the documents, all of them being at least 50 years old. In addition, based on the foundation laid by the superintendent, the trial court could infer that Chauncey dictated the information to the admissions clerk at the home. *See generally Markiewicz v. Salt River Valley*, 118 Ariz. 329, 339, 576 P.2d 517, 527 (App. 1978). The trial court could reasonably infer from these records that Grover died prior to 1918, when his father entered the home. In any event, the records would have been admissible under Ariz.R.Evid. 803(24), 17A A.R.S., the trial court finding that there existed no other more probative evidence which Hudson and Jaeger could have procured through reasonable efforts.

In addition, the trial court could have inferred that Grover was dead because had he lived, he would have been 103 at the time of Floyd's death. *See In re Holmlund's Estate*, 232 Or. 49, 374 P.2d 393, 396 (1962). Finally, in the absence of any evidence in the record to the contrary, we necessarily find that if Grover predeceased Floyd, he did so without issue.

Affirmed. Hudson and Jaeger's request for attorneys' fees is denied.

LIVERMORE, P.J., and HATHAWAY, J., concur.