794 P.2d 131

**ESTATE OF Floyd WALTON, Deceased.**

**Debbie HUDSON and Scott Jaeger, Petitioners–Appellees,**

**v.**

**STATE of Arizona, ex rel. ARIZONA DEPARTMENT OF REVENUE, Respondent–Appellant.**

**No. CV–89–0410–PR.**

Supreme Court of Arizona, En Banc.

June 21, 1990.

Bernard Arkules, Paradise Valley, for petitioners-appellees.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Sp. Counsel, Dept. of Law, David J. Dir, Asst. Atty. Gen., Phoenix, for respondent-appellant.

## OPINION

CORCORAN, Justice.

### Background

The Arizona Department of Revenue (DOR) petitioned this court to review the adverse holding of the court of appeals in *Estate of Walton*, 163 Ariz. 51, 785 P.2d 1239 (App.1989). We denied DOR's petition for review, but granted the cross-petition for review filed by Debbie Hudson and Scott Jaeger (the heirs). The cross-petition challenged the court of appeals' denial, without comment, of their request for attorneys' fees pursuant to A.R.S. § 12–348(A)(1). *Estate of Walton*, 163 Ariz. at 53, 785 P.2d at 1241. The court of appeals otherwise affirmed the trial court's determination that sufficient admissible evidence existed to award Floyd Walton's entire estate to the heirs. DOR had unsuccessfully objected at trial to the admission of certain documents that indicated another potential heir had predeceased Floyd Walton without issue. DOR's appeal and petition for review likewise unsuccessfully

challenged this admission. The court of appeals opinion sets forth the underlying dispute between the heirs and DOR in greater detail. *Estate of Walton*, 163 Ariz. at 52–53, 785 P.2d at 1240–41.

We hold that the heirs are entitled to recover attorneys' fees from the state, and vacate that portion of the court of appeals opinion.

### Discussion

Arizona courts may award attorneys' fees against the state pursuant to A.R.S. § 12–348(A)(1), which provides in part:

In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party ... which prevails by an adjudication on the merits in ... [a] civil action brought by the state ... against the party.

The legislature enacted A.R.S. § 12–348 "to encourage individuals ... aggrieved by governmental action to assert their rights." *New Pueblo Constructors, Inc. v. State*, 144 Ariz. 95, 112, 696 P.2d 185, 202 (1985). DOR concedes that the heirs prevailed in this action, but argues that the statute does not require an award of fees because the action was *in rem*[1] and the state was a nominal party rather than an adversary. It further argues that this court should interpret A.R.S. § 12–348 as restrictively as federal courts have interpreted the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on which the Arizona statute was modeled. DOR's first argument misapprehends the import of designating an action *in rem* and its second argument ignores relevant differences between EAJA and the Arizona statute.

1.  State as Adversary in In Rem Proceeding

█ If an estate is subject to the probate power of the state, a party may bring

---

1. *In rem* is "[a] technical term used to designate proceedings or actions instituted *against the thing*, in contradistinction to personal actions, which are said to be *in personam*." *Black's Law Dictionary* 713 (5th ed. 1979) (emphasis in original). Although technically *in rem* proceedings dispose of property without reference to individual claims, the term also applies to actions between parties, whose object is to reach and dispose of property in which they claim an interest. *Black's Law Dictionary* 713, citing *Pennoyer v. Neff*, 95 U.S. 714, 727, 24 L.Ed. 565, 570 (1877).

an *in rem* proceeding, the outcome of which will bind not only named parties but all persons in the world. *See Restatement of Judgments* § 32 comment a (1942), quoted in *State ex rel. Industrial Comm'n v. Smith,* 6 Ariz.App. 261, 263, 431 P.2d 902, 904 (1967) ("In the absence of prior decisions to the contrary the courts of Arizona will follow the Restatement of the Law whenever applicable"). In a true *in rem* proceeding, the judgment binds even those receiving no notice of the proceeding. *See Restatement (Second) of Judgments* § 6 comment a (1982). Thus, the import of designating a proceeding as *in rem* relates to the effect of the judgment, not, as DOR apparently contends, the adversarial character of the action.

■ DOR asserts that, because probate proceedings are actions *in rem,* they are not adversary or personal actions. Therefore, attorneys' fees may not be awarded against DOR if it is merely a nominal party. *See* A.R.S. § 12–348(G)(4). The cases cited by DOR do not support its broad assertion. The cited opinions address the effect of the proceedings on third persons' interests—not the relationship between the named parties. *See Moore v. Montes,* 22 Ariz.App. 562, 564, 529 P.2d 716, 718 (1974) (real party in interest was insurance company that might have to pay claim, not estate administrator); *Lecky v. Staley,* 6 Ariz.App. 556, 559–60, 435 P.2d 63, 66–67 (1967) (probate court's determination of estate assets did not bind decedent's partner, who claimed an equitable interest in property under a trust agreement).

Throughout this proceeding, DOR has assumed an adversarial stance, rather than a neutral role involving the performance of an administrative function. *Cf.* A.R.S. § 12–348(G)(1). Arizona courts have considered the distinction between adversarial and administrative activities in determining whether to award attorneys' fees against state agencies. *See Mission Hardwood Co. v. Registrar of Contractors,* 149 Ariz. 12, 15, 716 P.2d 73, 76 (App.1986) ("[T]he Registrar was, in substance, a party whose interest was to protect the public welfare and who chose to pursue the administrative

proceeding"). Moreover, by challenging the heirs' claim in the probate proceeding, DOR attempted to achieve the same result it could have sought by initiating an action under the escheat statute. *See* A.R.S. § 12–882. Both procedural vehicles involve affirmative action by the state. We will not permit DOR to circumvent the purpose of A.R.S. § 12–348 by conducting its escheat litigation in a probate proceeding.

After aggressively contesting the heirs' entitlement to the entire estate in the trial court and on appeal, DOR cannot claim now that it was acting merely as a nominal party:

> The nominal party exclusion can logically attach to review at the superior court level as long as the agency simply certifies the record and answers the complaint. However, if the agency takes the role of an advocate it ceases to be a nominal party and may lose its statutory protection.

*Cortaro Water Users' Ass'n v. Steiner,* 148 Ariz. 314, 318, 714 P.2d 807, 811 (1986); *see also* State Bar of Arizona, *Arizona Attorneys' Fees Manual* § 4.4, at 4–3 (1987). Arizona courts have interpreted *Cortaro* to support an award of attorneys' fees to litigants who successfully challenged state agencies' legal positions. *See Arizona Tax Research Ass'n v. DOR,* 163 Ariz. 255, 259, 787 P.2d 1051, 1055 (1989).

We hold that DOR's act of contesting the heirs' claim to decedent's estate constitutes a "civil action brought by the state" within the meaning of A.R.S. § 12–348(A)(1), in which the prevailing party may be awarded attorneys' fees.

**2. Comparisons Between EAJA and A.R.S. § 12–348**

■ A.R.S. § 12–348 was modeled after EAJA. *New Pueblo Constructors,* 144 Ariz. at 109, 696 P.2d at 199. Federal interpretations are "persuasive" when Arizona courts interpret our state counterparts to federal statutes. *Alano Club 12, Inc. v. Hibbs,* 150 Ariz. 428, 434, 724 P.2d 47, 53 (App.1986). Federal courts have held that waivers of sovereign immunity under EAJA must be strictly and narrowly

construed if such construction is consistent with "the language, statutory structure, and purposes of the Act." *Tongol v. Donovan,* 762 F.2d 727, 731 (9th Cir.1985).

Arizona courts appropriately interpret language in A.R.S. § 12–348 that is different from EAJA's language to require a different result. For example, A.R.S. § 12–348 contains no exception comparable to EAJA's provision disallowing fee awards if "the court finds that the position of the United States was substantially justified." *Compare* 28 U.S.C. § 2412(d)(1)(A) *with Arizona Tax Research Ass'n,* 163 Ariz. at 259, 787 P.2d at 1055 ("[I]f the legislature wished to so limit the state's liability, it should provide a 'good faith exception' similar to the 'substantial justification defense' included in the federal counterpart") *and Mountain States Tel. & Tel. Co. v. Corporation Comm'n,* 160 Ariz. 350, 361, 773 P.2d 455, 466 (1989) ("Given this legislative history, we conclude that by the use of the words 'shall award fees' ..., instead of the phrase 'may award fees' used in the federal analog, the legislature intended to make an award mandatory").

Two of the four federal cases DOR cites to support a narrow interpretation of § 12–348 concern the substantial justification defense. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Lauritzen v. Lehman,* 736 F.2d 550, 559 (9th Cir.1984). Therefore, we cannot apply their rationales to interpret the Arizona statute, which contains no analogous provision. A third case interprets 28 U.S.C. § 2412(d)(2)(B)(i), which limits access to fee awards under EAJA based on the party's wealth. *Unification Church v. INS,* 762 F.2d 1077, 1082 (D.C.Cir.1985). The Arizona statute contains no limitation based on the wealth of fee award claimants. The fourth case DOR cites involved whether an action was pending on the effective date of EAJA. *Tongol,* 762 F.2d at 730. Because the question of the heirs' entitlement to attorneys' fees under A.R.S. § 12–348 involves none of the issues the federal courts addressed in the cited cases, their rationales are unpersuasive.

Section 12–348 not only contains fewer restrictions on fee awards against the state than does its federal counterpart, but Arizona courts have construed our statute to mandate awards to all parties prevailing against the state, absent an affirmative statutory prohibition. *See Cortaro,* 148 Ariz. at 317, 714 P.2d at 810 ("So long as the litigation falls within one of the categories of subsection A and is not excluded under subsection G an award of fees is proper"). Although subsection (G) does include some types of *in rem* proceedings as exceptions to the rule favoring fees, it does not expressly exclude probate proceedings.

In contrast to federal courts' narrow construction of EAJA, Arizona courts have interpreted § 12–348 and other fee award statutes to be "very broad exceptions to the American rule barring attorney's fees." *New Pueblo Constructors,* 144 Ariz. at 111, 696 P.2d at 201. DOR's only countervailing policy argument concerns the preservation of public monies. The Arizona legislature, however, by including so few qualifications in A.R.S. § 12–348, expressed a stronger countervailing policy "to reduce the economic deterrents individuals faced in contesting governmental actions." *Arizona Tax Research Ass'n,* 163 Ariz. at 258, 787 P.2d at 1054.

Because we find that A.R.S. § 12–348 requires an award of fees under the facts of this case, we vacate the last sentence of the court of appeals opinion denying the heirs' request for attorneys' fees and remand for an award of fees in accordance with this opinion.

### Conclusion

■ A.R.S. § 12–348(A)(1) mandates an award of attorneys' fees to the heirs against the state because DOR has failed to demonstrate that any of the subsection (G) exclusions applies to this action. Furthermore, DOR has failed to articulate considerations of public policy adequate to preclude a fee award. Therefore, the heirs are entitled to an award of their attorneys' fees against the state in the court of appeals and this court, subject to the provisions of § 12–348(C), (D), (E), (F), and (H).

The heirs may establish the amount of the award in the court of appeals by complying with § 12–348(C) and Rule 21(c), Arizona Rules of Civil Appellate Procedure.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.