898 P.2d 993

**MVC CONSTRUCTION, INC., an Arizona corporation, Plaintiff–Appellant,**

v.

**Kevin D. TREADWAY; Registrar of Contractors, Defendants–Appellees.**

**No. 1 CA–CV 92–0489.**

Court of Appeals of Arizona,
Division 1, Department B.

June 27, 1995.

Morrison & Hecker by Steven H. Williams and Norling, Perry, Pierson & Kolsrud, P.L.C. by Darrell E. Davis, Phoenix, for appellant.

Grant Woods, Atty. Gen. by Montgomery Lee, Asst. Atty. Gen., Phoenix, for appellee Registrar of Contractors.

Kevin D. Treadway, Flagstaff, in pro. per.

## OPINION

BARRY C. SCHNEIDER, Judge.*

This appeal is from a judgment denying an award of attorneys' fees to the prevailing party in a superior court review of an administrative decision and order. The primary issue is whether the Registrar of Contractors ("Registrar") lost its nominal party status and thus was subject to an award of attorneys' fees against it when it filed an answer containing denials and affirmative defenses and allegations, but did not otherwise participate in the action.

We hold that the Registrar did not lose its nominal party status by filing such an answer to the complaint. We also hold that the trial court did not err in declining to award fees against the homeowner, but that it did err in failing to award appellant its costs.

* The Honorable Barry C. Schneider, Judge of a court of record, was authorized to participate in this matter by the Chief Justice of the Arizona

## FACTS AND PROCEDURAL HISTORY

The driveway slab at appellee Kevin D. Treadway's ("Treadway") new residence in Flagstaff "heaved" during winter months. Treadway filed a complaint with the Registrar against appellant MVC Construction, Inc. ("MVC"), the concrete subcontractor that installed the driveway slab. After a hearing, the Registrar ruled in Treadway's favor and ordered MVC to remove and replace the driveway slab. MVC filed a motion for rehearing, which the Registrar denied.

MVC appealed to the superior court. Treadway did not file an answer to MVC's complaint. The Registrar filed an answer in which it: (1) admitted some of the allegations of the complaint; (2) denied that its decision was contrary to law and that MVC was harmed by the decision; (3) alleged that the decision of the Registrar was adequately supported by the record and thus that MVC was not entitled to a trial *de novo;* and (4) alleged that the Registrar's decision and order were not arbitrary, capricious, irrational, illegal, unsupported by law or evidence, or an abuse of discretion. The answer requested an order dismissing MVC's complaint with prejudice and affirming the decision and order of the Registrar.

MVC filed an opening brief, and Treadway filed a response. The Registrar neither filed a brief nor participated in oral argument. The superior court ruled in favor of MVC and reversed the Registrar's decision.

MVC applied for an award of attorneys' fees from the Registrar pursuant to Ariz. Rev.Stat.Ann. ("A.R.S.") section 12–348. It argued that because the Registrar filed an answer in which it took a position regarding the action, the Registrar was not a nominal party and thus was not exempted from paying MVC's attorneys' fees. MVC asked the court to award fees against Treadway for pursuit of a claim lacking merit if the court declined to award fees against the Registrar. The Registrar responded that it was not subject to paying fees if it simply answered the complaint and certified the record.

Supreme Court, pursuant to Arizona Const. art. VI, section 31.

The trial court declined to award MVC attorneys' fees against either the Registrar or Treadway. No reason was stated concerning the denial against Treadway, the trial court found that the Registrar was a nominal party in the case and that it lacked any pecuniary or proprietary stake in the outcome of the action. The court noted that the Registrar's answer containing a general denial and certification of the record placed the superior court in the posture where it could conduct the review called for in A.R.S. section 12–910. At that point, stated the court, the Registrar could adopt a passive or nominal role, or it could begin active prosecution of the appeal.

The court entered final judgment in favor of MVC and awarded no costs or fees. MVC timely appealed from the portion of the judgment that declined to award costs or attorneys' fees to MVC.

## DISCUSSION

### A. Request for Fees Against the Registrar

The Arizona legislature has provided for awards of fees against the state in A.R.S. section 12–348, which reads at subsection (A)(2) as follows:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

\* \* \* \* \* \*

2. A court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title, or any other statute authorizing judicial review of agency decisions.

The legislature's use of the words "shall award fees" in section 12–348(A) as well as the legislative history as described in *Mountain States Tel. & Tel. Co. v. Corporation Commission*, 160 Ariz. 350, 361, 773 P.2d 455, 466 (1989), indicate that the legislature intended to make such an award mandatory. *Estate of Walton*, 164 Ariz. 498, 501, 794 P.2d 131, 134 (1990). A party is entitled

to an award of attorney fees if it prevails by an adjudication on the merits in a court proceeding to review a state agency decision unless another provision of the statute applies to prevent such an award. *See Mountain States*, 160 Ariz. at 361; 773 P.2d at 466. That other provision, argues the Registrar, is subsection (H)(4) of 12–348 which provides that the statute does not apply to "proceedings in which the state or a city, town or county is a nominal party." The court below found that the Registrar was a nominal party and thus that MVC was not entitled to an attorneys' fees award.

MVC argues that the Registrar was not a nominal party because in its answer it denied that its decision was contrary to law or harmed MVC. MVC further argues that the Registrar lost any nominal party status when it took the position that its decision was adequately supported by the record and that MVC thus was not entitled to a trial *de novo*. Such action, argues MVC, constitutes more than passive conduct typically associated with a nominal party. The affirmative allegations of the answer to the effect that its decision was not arbitrary are not positions required by law to be taken by the Registrar and, thus, argues MVC, put the Registrar in a non-nominal party category.

In an action to review a final decision of an administrative agency, the agency must be made a defendant. A.R.S. § 12–908. Thus, MVC had to name the Registrar as a defendant in MVC's action for review of the Registrar's decision and order. MVC acknowledges that, pursuant to A.R.S. section 12–909(B), the Registrar must "file an answer which shall contain the original or a certified copy of the portion of the record designated in the complaint." MVC argues, however, that to preserve its nominal party status, the Registrar had to file a "no position" answer. According to MVC, once the Registrar took a position in the answer, it lost its status as a nominal party.

The two leading Arizona cases which have examined when a state administrative agency is a nominal party in litigation for purposes of A.R.S. section 12–348(H)(4) are *Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 714 P.2d 807 (1986) and *Mission Hardwood*

*Co. v. Registrar of Contractors,* 149 Ariz. 12, 716 P.2d 73 (App.1986). Neither of these cases is controlling in the present case.

In *Cortaro,* the court held that A.R.S. section 12–348(A)(3) authorized an award of attorneys' fees against the Arizona Department of Water Resources, which was a party on appeal pursuant to A.R.S. section 12–908, where the department actively participated at each level of the proceedings. The *Cortaro* court noted that "[t]he nominal party exclusion can logically attach to review at the superior court level as long as the agency simply certifies the record and answers the complaint." 148 Ariz. at 318, 714 P.2d at 811. The court explained that while in most cases an agency need not take an advocate's position in the review, the agency was entitled to advocate a position rather than simply certifying the record. *Id.* If it did so, the court pointed out, the agency would be responsible for the prevailing party's attorneys' fees if the agency's position was unsuccessful. *Id.* Because the Department of Water Resources took an active part in the superior court proceedings, appealed to the court of appeals, and petitioned the supreme court for review, the *Cortaro* court held that it had lost its nominal party status. *Id.*

In *Mission Hardwood Co.,* the Court of Appeals held that the Registrar adopted the role of an advocate in the appeal to the superior court and thus ceased to be a nominal party and lost its statutory protection against paying Mission Hardwood's attorneys' fees. In the superior court proceedings in *Mission Hardwood,*

> the Registrar answered Mission's complaint not by merely filing the record, but by responding to each allegation in Mission's complaint and requesting, among other things, that the superior court deny Mission's request for a trial *de novo;* it filed a seven-page response requesting denial of Mission's motion to supplement the record with additional evidence, and it appeared at the oral argument, concerning Mission's motion to supplement; it requested written memoranda and oral argument; it filed a twelve-page response defending its decision regarding the suspension of Mission's license, and it appeared at

that oral argument; and it filed a five-page objection to the form of judgment and application for attorneys' fees.

149 Ariz. at 16–17, 716 P.2d at 77–78. In view of this active role, the *Mission Hardwood* court held that the superior court properly awarded attorneys' fees against the Registrar. *Id.* at 17, 716 P.2d at 78.

■ *Cortaro* and *Mission Hardwood* leave unanswered the question of whether an agency that only asserts affirmative defenses and allegations in its answer adopts the role of an advocate and thus forfeits its nominal party status. As MVC points out, the *Mission Hardwood* court listed as an example of the Registrar's active role the fact that the Registrar answered Mission's complaint by responding to each allegation of the complaint and requesting that the trial court deny Mission's request for a trial *de novo.* However, the court also listed six other instances of the Registrar's involvement in the proceedings; thus, we cannot infer that the filing of the answer alone was a sufficient basis for the *Mission Hardwood* court's finding that the Registrar adopted the role of an advocate.

■ In the case before us, MVC demanded a trial *de novo* on the grounds that the proceedings before the Registrar were recorded on tapes of such poor quality that complete and accurate transcription of the tapes was not possible and that it was impossible to obtain a full and complete record of the agency proceedings. The Registrar answered that MVC was not entitled to a trial *de novo* because the decision was adequately supported by the record and the transcript of the proceedings, which were mechanically recorded. We believe that this assertion of the answer comports with the Registrar's duty to file an answer containing the portion of the record designated in the complaint. In other words, as part of the Registrar's duty to convey the record to the superior court, it is proper for it to describe the adequacy of the record. Such an assertion does not constitute adopting the role of an advocate.

At argument, MVC pointed out that the Court of Appeals, in *International Brotherhood of Electrical Workers, Local Union 640 v. Kayetan,* 119 Ariz. 508, 510, 581 P.2d 1158,

1160 (App.1978), noted that the role of the agency-defendant in superior court proceedings may be a passive one because "the Administrative Review Act contemplates that the role of the administrative agency as a party defendant in the superior court proceedings may be simply that of certifying its record to the superior court in order for the court to conduct the review contemplated by A.R.S. § 12–910." MVC apparently would have us conclude from this dictum that the Registrar was not obligated to file an answer. We disagree. A.R.S. section 12–909(B), as previously noted, obligates the agency to file an answer. The *Kayetan* court was not determining whether the Registrar of Contractors was a nominal party but instead considered whether the contractor was an indispensable party. *Kayetan* leaves open the opportunity for an agency to merely certify the record without taking a position in the answer. However, nothing in the statement indicates that filing a typical answer would cause the agency to lose its nominal party status.

■ If the legislature had intended that the Registrar merely certify the record to the superior court, it would not have said that the "administrative agency *shall* file an answer ...." If the legislature had intended that the agency file an answer only in superior court reviews in which the agency expected to take an active advocate's role, the legislature could have provided for the filing of an answer only in those instances. However, the legislature provided that in all such administrative ruling appeals, the agency *shall* file an answer.

■ The nature of an answer is to admit or deny the allegations of the complaint and assert defenses. *See* Ariz.R.Civ.P. 8(b). We do not presume that the legislature had anything else in mind when it drafted A.R.S. section 12–909(B) to require state agencies to file answers in actions to review agency decisions. Thus, nothing in A.R.S. section 12–

909(B) indicates that an agency becomes an advocate in an action to review an administrative decision when it files a typical answer in accordance with this statute. It would indeed be anomalous for the legislature to require state agencies to file a pleading that in its typical form would automatically subject the agencies to awards of attorneys' fees against them.

■ In the case below, the Registrar did not participate in the proceedings other than by filing an answer and certifying the record. It did not file a brief regarding its administrative decision nor did it participate in the oral argument regarding the decision. It did nothing to cause it to lose its nominal party status pursuant to *Cortaro* and *Mission Hardwood.*[1] Therefore, the trial court correctly denied MVC an award of fees against the Registrar.

### B. Request for Fees Against Treadway

■ MVC argues that if it cannot recover fees against the Registrar, it should be able to recover fees against Treadway pursuant to A.R.S. section 12–348 or 12–341.01. We do not agree. First, A.R.S. section 12–348 provides for an award only against the state or other governmental entity. Although the language of the statute itself may not be clear on this point, a portion of the title of the statute reads "Award of fees and other expenses against the state or a city, town or county." More significantly, the legislative findings and purpose of section 12–348 provide:

A. The legislature finds that certain individuals, partnerships, corporations and labor or other organizations may be deterred from seeking review of or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases

---

1. A state agency party that does not act as an advocate on the merits of the litigation may nevertheless be subject to paying the prevailing party's fees pursuant to A.R.S. section 12–348 if the agency has any pecuniary or proprietary stake in the outcome of the action. *See Kadish v. Arizona State Land Dept.,* 177 Ariz. 322, 868 P.2d 335

(App.1993); *Bromley Group, Ltd. v. Arizona Dep't. of Revenue,* 170 Ariz. 532, 826 P.2d 1158 (App.1991). However, there is no assertion here that the Registrar had any pecuniary or proprietary stake in the outcome of MVC's appeal to the superior court.

by the disparity between the resources and expertise of these individuals and their government.

B. The purpose of this section is to reduce the deterrents and the disparity by entitling prevailing parties to recover an award of reasonable attorney fees, expert witness fees and other costs *against the state.*

Laws 1981, ch. 208, § 1 (emphasis added).[2] Thus, the legislature has specified that awards of fees under section 12–348 are to be against the state or other government entities, not against individuals involved in the proceedings. Accordingly, MVC may not recover fees against Treadway under section 12–348.

■■■ MVC argues that A.R.S. section 12–341.01(A) provides another basis for an award of fees against Treadway. In considering this argument, we first note that MVC barely raised this argument below. It did not seek fees against Treadway under section 12–341.01(A) in its application for fees. Its only request was in oral argument on the application when MVC's attorney merely stated, "And also under A.R.S. section 12–341.01, this would be something having its genesis in contract, which is a contested action...." We question whether this comment is adequate to raise A.R.S. section 12–341.01 as a ground for an award of fees without prejudicing Treadway.

Section 12–341.01(A) provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." We note that section 12–341.01 does not provide for a monetary award of attorney's fees but rather merely gives the trial court the discretion to make such an award.

If we assume that Appellant sufficiently raised this issue in superior court, and further assume, for purposes of this appeal, that this was an action arising out of contract, we find no abuse in the trial court exercising its discretion in refusing to award attorneys' fees against Treadway.

**C. Request for Award of Costs**

■■■ MVC argues that the trial court erred in declining to award it costs in the amount of $205.60. We agree. The awarding of costs to the successful party in a civil action is mandatory under A.R.S. section 12–341. *Trollope v. Koerner,* 21 Ariz.App. 43, 47, 515 P.2d 340, 344 (1973). Taxable costs in the amount of $205.60 were established by affidavit. Where there is more than one losing party in an action, each party is liable jointly and severally for the total costs. *Welch v. McClure,* 123 Ariz. 161, 165, 598 P.2d 980, 984 (1979). Therefore, we remand to the trial court for entry of an award of costs in the amount of $205.60. in favor of MVC and against the Registrar and Treadway jointly and severally. In all other respects, we affirm the trial court.

**D. Request for Fees and Costs on Appeal**

MVC requests an award of attorneys' fees on appeal. Because it has not substantially prevailed on appeal we deny this request. Because the Registrar and Treadway have substantially prevailed on appeal, we award them their costs.

GRANT, P.J., and LEVI RAY HAIRE, Judge[3], concur.

---

2. The Arizona Supreme Court in *New Pueblo Constructors, Inc. v. State,* 144 Ariz. 95, 112, 696 P.2d 185, 202 (1985), noted about the legislature's statement of intent concerning A.R.S. section 12–348 that "[t]his legislative declaration warrants special consideration because express legislative findings are quite rare in Arizona."

3. Retired Judge Levi Ray Haire was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, section 20 and A.R.S. section 38–813 (1985).