219 P.3d 237

**KEYSTONE FLOOR & MORE, LLC, an Arizona limited liability corporation, Plaintiff/Appellant,**

v.

**ARIZONA REGISTRAR OF CONTRACTORS, an Arizona Agency; and Bum Suk Kang, Defendants/Appellees.**

**No. 1 CA–CV 07–0900.**

Court of Appeals of Arizona, Division 1, Department E.

July 15, 2009.

---

Quarles & Brady Streich Lang, LLP By Lauren Elliott Stine, John Maston O'Neal, Phoenix, Attorneys for Plaintiff/Appellant.

The Butler Law Firm By Everett S. Butler, Matthew D. Williams, Phoenix, Attorney for Defendant/Appellee Kang.

## OPINION

GEMMILL, Judge.

¶ 1 We hold that the superior court's judicial review of the Registrar of Contractors' ("ROC") disciplinary action against Keystone Floor & More, LLC ("Keystone") did not arise out of contract under Arizona Revised Statutes ("A.R.S.") section 12–341.01(A) (2003). We therefore reverse the superior court's award of attorneys' fees in favor of Bum Suk Kang ("Kang") against Keystone.

## BACKGROUND

¶ 2 In late 2004 through early 2005, Keystone, then a licensed contractor, performed tile installation work in Kang's house pursuant to an oral contract. Kang paid Keystone approximately $30,000 for this work. The tiles installed by Keystone began to crack, and Kang filed a complaint with the ROC. Kang alleged that Keystone did not appropriately respond to his requests to repair the broken tiles and that the defects came from Keystone's "terrible workmanship" and not from an "unsettled foundation" as Keystone asserted. A ROC inspector examined the premises and issued a corrective work order to Keystone.

¶3 In December 2005, the ROC issued a citation and complaint charging Keystone with violations of A.R.S. § 32–1154(A) (2003), specifically subsections (A)(3),[1] (A)(7) (wrongful or fraudulent act), and (A)(23) (failure to take appropriate corrective action without valid justification). The alleged violation of A.R.S. § 32–1154(A)(3) was based on Arizona Administrative Code ("A.A.C.") R4–9–108, which requires all work done by contractors to be done in a professional and workmanlike manner (the "Workmanship Rule"). After a hearing, the Administrative Law Judge ("ALJ") found that Keystone violated § 32–1154(A)(3) and (7) and recommended that Keystone's license be revoked. The ALJ also determined that Keystone did not violate § 32–1154(A)(23). The ROC adopted the ALJ's decision and ordered that Keystone's license be revoked.

¶4 Keystone filed a complaint against the ROC and Kang in superior court seeking judicial review of the ROC decision in accordance with A.R.S. §§ 12–901 through 12–914, the Administrative Review Act.[2] In his answer, Kang stated that the action arose out of contract and requested an award of attorneys' fees pursuant to A.R.S. § 12–341.01(A). The ROC answered and filed a notice that it would appear as only a nominal party in the case because it sought to avoid any potential award of attorneys' fees pursuant to A.R.S. § 12–348(H)(4) (2003).[3]

¶5 The superior court set a briefing schedule and oral argument on this appeal from the ROC's administrative decision. Kang reiterated in his brief that the matter before the superior court is a civil dispute that arose out of contract. The superior court heard oral argument and issued a ruling affirming the decision of the ROC.

¶6 Kang then applied for an award of attorneys' fees in accordance with § 12–341.01(A). He maintained that he met the statutory prerequisites for an award of attorneys' fees because this was a contested action, he was the successful party, and the action arose out of contract. Keystone responded that attorneys' fees are not recoverable under § 12–341.01(A) for appeals to the superior court from ROC decisions. Keystone argued that this matter arose out of statutory claims, not contractual claims. The court granted Kang's application and awarded him $8,128.50 in attorneys' fees. Keystone timely appealed the award of attorneys' fees.[4] We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## ANALYSIS

¶7 The sole issue on appeal is whether the superior court erred in awarding attorneys' fees to Kang pursuant to A.R.S. § 12–341.01(A), an issue of statutory interpretation that we review *de novo*. *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490, ¶34, 167 P.3d 1277, 1285 (App. 2007); *Ramsey Air Meds., L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13, ¶12, 6 P.3d 315, 318 (App.2000). Section 12–341.01(A) provides for the recovery of attorneys' fees to the successful party in "any contested action arising out of a contract, express or implied."

¶8 Keystone initially contends that attorneys' fees were improper because a statutory appeal of an administrative decision is not an

---

1. Section 32–1154(A)(3), A.R.S., prohibits "[t]he holder of a license or any person listed on a license pursuant to this chapter" from violating "any rule adopted by the registrar."

2. An action seeking judicial review of an administrative decision is often referred to as an appeal. *See* Arizona Rules of Procedure for Judicial Review of Administrative Decisions 1(a) (stating that "[t]hese rules shall govern the procedure in all appeals from administrative decisions taken to the superior court"); *see also Guminski v. Ariz. State Veterinary Medical Examining Bd.*, 201 Ariz. 180, 182, 33 P.3d 514, 516 (App.2001) ("an action for judicial review of an administrative decision is 'in the nature of an

appeal'"); *Murphy v. Town of Chino Valley*, 163 Ariz. 571, 573, 789 P.2d 1072, 1074 (App.1989) (noting that parties to controversy before ROC may bring an "appeal to superior court under the Administrative Review Act").

3. Section 12–348, A.R.S., generally allows the court to award attorneys' fees in an action against the state unless the state appears as a nominal party.

4. In our order setting oral argument for this case, the ROC was authorized to submit a supplemental brief and participate in oral argument but did not do so.

"action" under § 12–341.01(A). In support of this argument, Keystone cites *Semple v. Tri–City Drywall, Inc.*, 172 Ariz. 608, 838 P.2d 1369 (App.1992). In *Semple*, a panel of this court held that a proceeding before the ROC is not an "action" and the prevailing party is therefore not entitled to an award of its attorneys' fees under § 12–341.01(A). *Id.* at 611, 838 P.2d at 1372. In reaching this conclusion, the court found that an "action" is "a proceeding before a court of law," and it reasoned that, because an administrative agency is not a "court of law," a proceeding before the ROC is not an "action" under § 12–341.01(A). *Id.* Accordingly, it found the superior court erred by awarding Tri–City its attorneys' fees under § 12–341.01(A) as the prevailing party before the ROC. *Id.* at 612, 838 P.2d at 1373.

¶ 9 In this case, unlike in *Semple*, the proceeding for which fees are being sought was before a court of law, the superior court, rather than the ROC. Indeed, Kang expressly states in his answering brief that he "does not seek to recover attorneys' fees incurred in the administrative hearing that took place before the [ROC]." In the statutes and laws of this state, the term "action" is broadly defined, and it "includes any matter or proceeding in a court, civil or criminal." A.R.S. § 1–215 (2003); *see also* Ariz. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Keystone's appeal to the superior court was a proceeding in a civil court, and it was therefore an "action" within the meaning of § 12–341.01(A). We additionally note that appeals to the superior court of administrative decisions are referred to in the Administrative Review Act as "actions." See, e.g., A.R.S. § 12–902.

¶ 10 We next determine whether the action arose out of contract. To do so, we must look to "the nature of the action and the surrounding circumstances," *Ramsey*, 198 Ariz. at 14, ¶ 21, 6 P.3d at 319 (quoting *Marcus v. Fox*, 150 Ariz. 333, 335, 723 P.2d 682, 684 (1986)). We must also analyze the "essence of the action." *ASH, Inc. v. Mesa Unified School Dist. No. 4*, 138 Ariz. 190, 192–93, 673 P.2d 934, 936–37 (App.1983). Fees may be recovered when a contract is the "cause or origin" of the dispute. *ASH*, 138 Ariz. at 192–93, 673 P.2d at 936–37. Generally, the words "arising out of a contract" describe an action in which a contract was the main factor causing the dispute. *See Lewin v. Miller Wagner & Co., Ltd.*, 151 Ariz. 29, 37, 725 P.2d 736, 744 (App.1986); *Cauble v. Osselaer*, 150 Ariz. 256, 261, 722 P.2d 983, 988 (App.1986).

¶ 11 The fee statute does not apply, however, to "purely statutory causes of action." *Hanley v. Pearson*, 204 Ariz. 147, 151, ¶ 17, 61 P.3d 29, 33 (App.2003). Nor does it apply "if the contract is a factual predicate to the action but not the essential basis of it." *Id.* That is, when the action arises out of a statutory obligation and is "based on a statute rather than a contract, the peripheral involvement of a contract does not support the application of the fee statute." *Id.; see also O'Keefe v. Grenke*, 170 Ariz. 460, 472–73, 825 P.2d 985, 997–98 (App.1992).

¶ 12 We find the superior court's review of the ROC's decision does not constitute an action "arising out of contract" for purposes of § 12–341.01(A) because the basis for the action is purely statutory. This dispute focused on and arose out of Keystone's statutory obligations as a licensed contractor and the ROC's allegations that Keystone violated several provisions of § 32–1154(A). The issue before the superior court was whether the sanction imposed by the ROC, pursuant to its regulatory authority, was supported by substantial evidence or was contrary to law, arbitrary and capricious, or an abuse of discretion. *See* A.R.S. § 12–910(E) (2003). Although the appeal to the superior court involved a contract, it was not the "cause or origin" of the appeal—rather, the contract was peripheral to the primary issue of whether the ROC erred in finding Keystone had violated its statutory duties as a licensed contractor. *See A.H. ex rel. White v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 190 Ariz. 526, 529, 950 P.2d 1147, 1150 (1997) (when action arises from statutory obligations, "peripheral involvement of a contract does not require the application of [A.R.S.] § 12–341.01(A)").

¶ 13 In his supplemental brief to this court, Kang points out that Keystone's appeal to the superior court was "largely an analysis of

the validity of [ROC's] determination" that Keystone had violated the "Workmanship Rule," as set forth in § 32–1154(A)(3) and A.A.C. R4–9–108. He argues that the Workmanship Rule "is essentially a codification of the implied warranty of workmanlike performance," which is implied in every contract and warranties that all work will be performed in a workmanlike manner. And, he contends, because cases arising from a breach of the implied warranty may give rise to an award of attorneys' fees under § 12–341.01(A), fees should likewise be awarded here.

¶ 14 The duty to perform in a workmanlike manner is indeed implied in every construction contract in Arizona. *See Kubby v. Crescent Steel*, 105 Ariz. 459, 460, 466 P.2d 753, 754 (1970). Keystone was therefore contractually required to perform its work in a workmanlike manner. At issue in this proceeding, however, was Keystone's failure to comply with the Workmanship Rule set forth in A.A.C. R4–9–108 (made applicable to Keystone via A.R.S. § 32–1154(A)(3)), not Keystone's failure to meet its contractual obligations. *See generally J.W. Hancock Enterprises, Inc. v. Registrar of Contractors*, 126 Ariz. 511, 513–14, 617 P.2d 19, 21–22 (1980) (stating issue as whether ROC erred in finding contractor violated Workmanship Rule set forth in § 32–1154 and the Arizona Compilation of Rules and Regulations). The ROC disciplined Keystone because it violated this statutory obligation. The terms of the contract between Kang and Keystone were not at issue.

¶ 15 *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 856 P.2d 1201 (App.1993), provides support for our decision. In that case, Kennedy leased a vehicle from Brock. *Id.* at 324, 856 P.2d at 1202. The vehicle was defective, and Kennedy sued Brock under Arizona's Lemon Law, A.R.S. §§ 44–1261 through 44–1265, which provides: "If a new motor vehicle does not conform to all applicable express warranties . . . the manufacturer, its agent or its authorized dealer shall make those repairs that are necessary to conform

the motor vehicle to such express warranties." A.R.S. § 44–1262; *Kennedy*, 175 Ariz. at 324, 326, 856 P.2d at 1202, 1204. The trial court dismissed Brock as a defendant and granted its request for attorneys' fees under § 12–341.01(A) against Kennedy. *Kennedy*, 175 Ariz. at 324, 856 P.2d at 1202. On appeal, this court reversed the award of attorneys' fees, finding the action did not "arise out of contract." *Id.* at 325–26, 856 P.2d at 1203–04. The court held that, although a claim for relief under the Lemon Law "presupposes an express contract because it is based on express warranties," Brock had disclaimed the manufacturer's express warranties in its lease agreement with Kennedy. *Id.* at 326, 856 P.2d at 1204. The court concluded that the action therefore did not arise out of the lease agreement but, rather, the "essential basis of the action was a statutory remedy designed to protect purchasers of new vehicles when defects cannot be corrected to comply with express warranties made by manufacturers." *Id.* at 325, 856 P.2d at 1203. Because the basis of the action was statutory rather than contractual, the court found that no fees were permitted under § 12–341.01(A). *Id.* at 325–26, 856 P.2d at 1203–04.

¶ 16 Similar to *Kennedy*, an action seeking judicial review of a ROC decision generally presupposes the existence of a contract. Nonetheless, the essential basis of the appeal of this ROC disciplinary action is statutory. As already noted, the issue before the superior court was whether the ROC properly disciplined Keystone for violating its duties under § 32–1154(A), and the terms of the contract were not at issue.[5]

¶ 17 Kang cites *MVC Construction, Inc. v. Treadway*, 182 Ariz. 615, 898 P.2d 993 (App. 1995), as support for the proposition that it was within the court's discretion to award fees under § 12–341.01(A). In that case, the ROC disciplined MVC based upon a complaint filed by Treadway, and MVC appealed the decision to the superior court. *Id.* at 617, 898 P.2d at 995. The superior court reversed the ROC's decision but denied MVC's

---

5. While Brock waived the warranties in *Kennedy* and the contractual remedies were not waived here, the result is the same. In neither case was an express or implied contractual or warranty provision the basis of the administrative proceeding.

request for attorneys' fees against the ROC and Treadway. *Id.* at 617–18, 898 P.2d at 995–96. MVC appealed to this court, arguing it was entitled to fees under both §§ 12–348(A) and 12–341.01(A). *Id.* at 618, 898 P.2d at 996. This court affirmed the superior court's denial of fees under § 12–348, and then turned to MVC's § 12–341.01(A) argument, stating: "If we assume that Appellant sufficiently raised this issue in superior court, and further assume, for purposes of this appeal, that this was an action arising out of contract, we find no abuse in the trial court exercising its discretion in refusing to award attorneys' fees against Treadway." *Id.* at 620–21, 898 P.2d at 998–99. The *MVC* opinion provides no guidance for us here because the court assumed, without deciding, the very issue that we address in this opinion.

¶ 18 Kang also relies on *Carley v. Ariz. Bd. of Regents,* 153 Ariz. 461, 737 P.2d 1099 (App.1987). In that dispute, Northern Arizona University ("NAU") chose not to retain Carley, an untenured assistant professor. *Id.* at 462, 737 P.2d at 1100. Carley appealed that decision to the superior court, which upheld NAU's decision. *Id.* Carley then appealed to this court, which affirmed the superior court's ruling and granted NAU's request for fees under § 12–341.01(A). *Id.* at 462, 467, 737 P.2d at 1100, 1105. In so doing, the court stated: "Apparently, it is undisputed that this matter arose out of contract and that it is within the discretion of this court to award fees to the prevailing party." *Id.* at 467, 737 P.2d at 1105. Accordingly, the general applicability of A.R.S. § 12–341.01(A) was not challenged. Just as in *MVC,* the court in *Carley* did not address the issue presented by Keystone's appeal. Moreover, the only basis for the substantive result in *Carley* was the contract of employment. In contrast, the sole basis for the substantive result here, the disciplinary action, is a violation of statutory and regulatory requirements.

¶ 19 We conclude, therefore, that *MVC* and *Carley* did not decide the issue presented in

this appeal and do not provide support for application of A.R.S. § 12–341.01(A) under these facts.

¶ 20 We note that Kang could have filed a breach of contract action in superior court against Keystone, which would have constituted an "action arising out of contract" under A.R.S. § 12–341.01(A). But the administrative proceeding before the ROC focused not on the contract between Keystone and Kang but, rather, on Keystone's statutory duties. The fact that this appeal—an action seeking judicial review—was filed in superior court does not substitute the contract for the statutory foundation of this legal dispute. Neither the ROC proceeding nor this appeal constitutes an action "arising out of contract" within the meaning of § 12–341.01(A).[6]

## CONCLUSION

¶ 21 For the foregoing reasons, we reverse the superior court's award of attorneys' fees.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and DONN KESSLER, Judge.

---

6. We need not determine here whether an appeal of a ROC disciplinary action, based on violations of subsections of § 32–1154(A) that are not at issue in this case, may arise out of contract under § 12–341.01.